# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Bordelon | Civil Action No. 6:17-cv-00932 |
| versus | Unassigned District Judge |
| Atlantic Richfield Co., et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court is a Motion To Amend Complaint [Rec. Doc. 12] and Motion To Remand [Rec. Doc. 13] filed by Plaintiff, Mary Bordelon, a Memorandum in Opposition to Motion To Amend Complaint [Rec. Doc. 15] and A Memorandum in Opposition to Motion To Remand [Rec. Doc. 20] filed by Expro Americas, LLC ("Expro"). For the reasons that follow, the Court recommends that the Motions be granted.

### *I. Procedural and Factual Background*

Plaintiff filed this action in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, on May 25, 2016, alleging Louisiana state law claims for negligence, strict liability and failure to warn against Atlantic Richfield Company ("ARCO") and Completion Services, Inc. ("Completion"). *R. 11-1, p. 15.* ARCO filed its answer on July 29, 2016. *Id. at p.74.* Thereafter, Plaintiff filed her First, Second and Third Supplement and Amended Complaints in state court, adding Superior Energy Services f/k/a Completion ("Superior"), *Id at p.140,* Expro, *Id at p.206*, Union Carbide Corporation ("Union Carbide") and Chevron Phillips Chemical Company, LP

("Chevron"), *R. 11-1, p. 230.* Plaintiff dismissed Superior f/k/a Completion without prejudice on May 30, 2017. *R. 11-1, p. 222.*

In her original Petition, Plaintiff alleges that her husband Erick Bordelon ("Bordelon") worked for Completion "from 1967 until 1972." *R. 11-1, p. 16, ¶ 7.* She further alleges that Bordelon worked for ARCO from "1977 until 1982." *Id at ¶ 10.* Plaintiff alleges that Bordelon worked for ARCO and Completion "offshore where he was exposed to asbestos from asbestos containing products such as drilling mud" and that she was in turn "exposed to friable asbestos fibers which were released when she would wash" her husband's clothes that were contaminated with asbestos dust from working offshore. *Id at ¶¶ 8, 11, 13,* 14. Plaintiff alleges she was diagnosed with mesothelioma on June 23, 2015. *Id at ¶ 2.*

In her Second Amended Petition, Plaintiff made no specific allegations about Bordelon's work history with Expro but "reallege[d] and reassert[d] the allegations in the original Petition." *R. 11-1, p. 206, ¶ B.* In her Third Amended Petition, Plaintiff named Union Carbide, Montello, Inc. ("Montello") and Chevron as "Supplier Defendants" who individually sold, distributed and supplied asbestos-containing products(s) which [Bordelon] came in contact with, and utilized" therein causing Plaintiff's injuries. *Id at p. 230, ¶ 29(a)–(d).* The record does not indicate that Union Carbide and Montello have been served; they have not filed responsive pleadings.

2

On July 20, 2017, Expro removed the action to this Court.[1] *R. 1-1.* In its Removal Notice, Expro contends that "Plaintiff's claims arise out of [Bordelon's] work performed [for Expro] on the Outer Continental Shelf;" that his work "furthered mineral development on the Outer Continental Shelf;" and "Plaintiff's alleged injuries would not have occurred but for his employment on the Outer Continental Shelf." *R. 1-1, p. 3.* Thus Expro asserts, this Court has original jurisdiction over this matter pursuant to "43 U.S.C. § 1349(b)(1); 33 U.S.C. §905(b); and, 28 U.S.C. § 1331, 1441(a)." Expro also asserts that "complete diversity exists such that this Court has original jurisdiction [under] 28 U.S.C. § 1332." *Id.*

## II. Law and Analysis

Plaintiff seeks to amend her complaint by adding Francis Drilling Fluids, a Louisiana corporation, as an "Asbestos Supplier Defendant." *R. 12-2, ¶¶ B, C, 29(a).* Plaintiff further seeks to add allegations correcting/amending that Union Carbide and Chevron are liable as "Asbestos Manufacturing Defendants" and asserting theories of Louisiana state products liability against them. *Id, at ¶¶ D, 29 (e)-(o).* Plaintiff represents that ARCO and Chevron do not object to filing the amended complaint, *R.*

---

[1] Plaintiff contends in its Motion to Remand that there is no evidence that Expro's co-defendants at the time of removal, ARCO and Chevron, consented to removal of this action. The Court need not address Plaintiff's contention as Expro provides an explanation and evidence of ARCO's consent in its Opposition Memorandum, *R. 20-4,* and the record contains Chevron's Consent to Removal, *R. 16.*

*12*—thus, only Expro has filed an opposition.

In the event the Court allows Plaintiff to amend her complaint, she seeks remand to the Fifteenth Judicial District Court based on the Court's lack of subject matter jurisdiction—under either diversity or federal question. In particular, Plaintiff contends that Expro's Removal Notice stating that this Court has federal question jurisdiction because Plaintiff's injuries would not have occurred "but for [Bordelon's] employment on the Outer Continental Shelf," is incorrect. Plaintiff states that Bordelon never worked on the Outer Continental Shelf. She asserts that Expro cannot meet its burden of proving that federal question jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA") exists in this case. As to diversity jurisdiction, Plaintiff asserts that in the event the Court has diversity jurisdiction[2], the addition of Francis Drilling Fluids as a non-diverse defendant would destroy any such jurisdiction.

The Court will consider Plaintiff's Motion to Amend first.

### A. Motion to Amend to Add Non-Diverse Defendant

Expro contends that Plaintiff seeks to add Francis Drilling Fluids for the "sole purpose" of defeating Expro's choice of forum. In its opposition memorandum, Expro now contends that its basis for removal was 28 U.S.C. § 1332 and that OCSLA jurisdiction exists as an "alternate basis for removal." *R. 20, p. 2, fn 1*. Expro further

---

[2] Expro has not proven that the parties are actually diverse, i.e. that all members of Expro's LLC or Chevron's LP are diverse from Plaintiff. Nor has Expro addressed the requirement that the amount in controversy must exceed $75,000.00.

contends that Plaintiff's motion to amend is dilatory and that Plaintiff's allegations against Francis Drilling Fluids in its proposed fourth amended complaint are too vague to support a claim. Expro cites this Court's opinion in *Scott v. Perma-Pipe Inc.*, 2017 WL 2656189 (W.D. La. 2017). While Expro correctly states that the Court denied the motion to add a non-diverse defendant because there was no possibility of recovery against it, Expro *incorrectly* states that the Court found the plaintiff was dilatory in bringing the amendment. *Id at *4*. The Court held that based on the circumstances surrounding the discovery related to the proposed defendant, the motion was *not* dilatory. *Id.* at *4.

The Court will first address Expro's contention that Plaintiff's proposed pleading fails to state a colorable claim against Francis Drilling Fluids.

*1. Colorable Claim*

In *Cobb v. Delta Exports, Inc.*, the Fifth Circuit stated that leave to amend to join a party "against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction," should never be granted. *Cobb. v. Delta Exports, Inc.,* 186 F.3d 675, 678 (5th Cir.1999). Thus, the party opposing joinder has the opportunity to prevent joinder by arguing that plaintiff has no "colorable claim" against the proposed defendant. *Id.* Further, a plaintiff will not be "significantly injured" by a court's denial of leave to add a clearly meritless claim. *Wilson v. Bruks–Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir.2010). Thus, it is within a court's discretion to deny a proposed

5

amendment as futile, if there is no reasonable basis to predict that plaintiff will be able to recover against the would-be, non-diverse defendant. *Id.*

In the Rule 15 context, an amendment is futile if it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir.2000). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement ... showing that the pleader is entitled to relief ..." Fed.R.Civ.P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon review of the pleadings related to Francis Drilling Fluids, just as the allegations adding defendants in her prior amended petitions, Plaintiff states that her Fourth Amended and Supplemental Complaint/Petition "relates back to the Original Petition... and the First, Second, and Third Amended and Supplemental Petitions" and "realleges and reasserts the allegations contained in the Original Petition for Damages" against "Francis Drilling Fluids" as an "Asbestos Supplier Defendant." *R. 12-2*. Therefore, Plaintiff alleges that Francis Drilling Fluids contributed to her mesothelioma when it "sold, distributed and supplied asbestos-containing products(s) which [Bordelon] came in contact with, and utilized" during the period he worked offshore for the named employer defendants.

Accordingly, upon considering the original and amended petitions, the Court finds that Plaintiff has stated a claim against Francis Drilling Fluids that is plausible on its face, and therefore, has a colorable claim for relief and/or possibility of recovery. Thus, the Court will continue to address Plaintiff's motion to add the non-diverse defendant.

*2. Hensgens Considerations*

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because the Court's decision on a motion to amend to add a non-diverse defendant will affect its jurisdiction over the matter, the Court must "scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In such cases, resolving the question of whether to permit an amendment which will destroy the subject matter jurisdiction of this Court, justice requires that the Court balance the diverse defendant's interest in retaining the federal forum with the competing interests. *Id*.

The Fifth Circuit has concluded that balancing those interests would not be served by a "rigid distinction of whether the proposed added party is an indispensable or permissive party" pursuant to the Federal Rules of Civil Procedure. *Id*.; *See also*

*Mitchell v. Wal-Mart Stores, Inc.*, 2016 WL 447721, at *2 (W.D. La., 2016). Instead, in *Hensgens,* the Fifth Circuit set forth four factors that district courts should consider when deciding whether to allow post-removal amendment and joinder of non-diverse defendants: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens* at 1182. The court should then balance the equities and decide whether amendment should be permitted. *Id*. If amendment of a non-diverse defendant is permitted, the case must be remanded to the state court; if amendment is not allowed, the federal court maintains jurisdiction. *Id.; see also* 28 U.S.C. § 1447(e).

*a. Is the purpose of the amendment to defeat federal jurisdiction?*

With respect to the first *Hensgens factor*, in analyzing whether the purpose of amendment is to destroy diversity, courts consider "whether the proposed amendment presents a valid cause of action." *Mitchell*, 2016 WL 447721, at *2 (citing *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991)). If the amendment presents a valid claim, "it is unlikely that the primary purpose of [the amendment] is to destroy diversity jurisdiction." *Mitchell*, 2016 WL 447721, at *2.

As previously noted, Plaintiff has stated a claim against Francis Drilling Fluids that is plausible on its face, and therefore, has a colorable claim for relief and/or

8

possibility of recovery. Additionally, Plaintiff's filing was not solely related to adding Francis Drilling Fluids as a defendant. Plaintiff also amended her petition to change/correct her identification of defendants Union Carbide and Chevron from suppliers to manufacturers of asbestos and asbestos-containing products. She also added additional products liability claims against these defendants. The Court finds Plaintiff's amendment was not to defeat diversity jurisdiction.

*b. Has the plaintiff been dilatory in asking for amendment?*

Plaintiff contends she has filed multiple motions to add additional parties because her diagnosis of mesothelioma was many years after she was allegedly exposed to asbestos from her husband's work; and because she had difficulty identifying the correct entities to serve because the companies changed ownership and names over the years. *R. 13-1.* In general, courts have found plaintiffs not to be dilatory when the plaintiff amends his complaint "before any trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred." *Herzog v. Johns Manville Products Corp.*, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002). The record indicates that two companies, Union Carbide and Montello have yet to be served and/or to file responsive pleadings in this action and Chevron recently filed its Answer on August 1, 2017. The Court finds that Plaintiff was not dilatory in filing her Fourth Amended Complaint/Petition.

*c. Will the plaintiffs be significantly injured if amendment is not allowed?*

As for the third *Hensgens* factor, the Court must consider the degree to which Plaintiff may be harmed if amendment is not allowed. Plaintiff has not argued this factor directly, but it is reasonable to infer that if amendment is not allowed in this matter, she would be forced to litigate her case in a piecemeal fashion if she must bring a separate claim against Francis Drilling Fluids in state court.

*d. Are there any other factors bearing on the equities in the case at hand?*

The fourth *Hensgens* factor includes consideration of the original defendant's right to litigate in the federal forum, not an insignificant consideration, per *Hensgens*. The Court must therefore balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation.

Since the claims against the defendants are based on state law, there is no reason to anticipate that the state court would not or could not make fair determinations on the matters at issue. As a scheduling order has not yet issued, discovery has not begun and there are no dispositive motions pending. In balancing the equities in this case, and considering the positions of the parties in the context of the procedural history of this case, the Court concludes that the prejudice to Plaintiff associated with piecemeal litigation should the amendment be denied would be greater than the potential prejudice to the defendants should the amendment be permitted. Thus, the Court concludes that the equities weigh in favor of permitting the amendment, and the Court

must address Plaintiff's motion to remand.

## *B. Motion to Remand*

Expro contends that the Court "would have had original jurisdiction under the OCSLA had it been initially filed in this Court, and removal is therefore proper under the provisions of 28 U.S.C. § 1441(a)."[3] *R. 20, p. 6.* Plaintiff asserts that her husband did not work on the Outer Continental Shelf and, therefore, there can be no jurisdiction under OCSLA. She maintains that granting her motion to amend by adding Francis Drilling Fluids, a non-diverse defendant, would defeat any diversity jurisdiction the Court may have and her action must be remanded.

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co* ., 276 F.3d 720, 723 (5th Cir.2002); *see* 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995. To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*.

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243

---

[3] As the Court previously noted, Expro has not proven that the parties are actually diverse, or that the amount in controversy exceeds $75,000.00.

F.3d 912, 916 (5th Cir.2001). Thus, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Id*. Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ..." 28 U.S.C. § 1441(a). Here, removing defendants invoked federal subject matter jurisdiction on the basis of diversity, as well as federal question, which confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152(1908). Stated another way,

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). However,

> [t]he plaintiff is [ ] the master of her complaint. A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded.

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995).

Here, Expro contends that the Court has federal question jurisdiction because Plaintiff alleged that Bordelon "worked offshore [from 1967 until 1972] where he was exposed to asbestos from asbestos containing products such as drilling mud." *R. 1-1, ¶ 8, 9; R. 11-1, p. 206.* Expro further contends that this allegation equates to Plaintiff alleging a federal claim under OSCLA. Expro cites the Declaration of its General Counsel, Eric Nelson, in support of this position. *R. 20-1, Decl. Of Nelson.* Nelson stated in his Declaration:

> 5. At all material times, Expro Americas, LLC employees, including plaintiff's spouse Erick Bordelon *to the extent he was ever an employee of Expro Americas, LLC*, performed a majority of their offshore work aboard fixed platforms and other artificial installations permanently and/or temporarily affixed to the seabed as well as other drilling rigs in waters offshore Louisiana and Texas on the Outer Continental Shelf, such that if plaintiff's allegations occurred then such would have taken place on said locations on the Outer Continental Shelf.
>
> 6. That Expro Americas, LLC employees *would also sometimes perform work in Louisiana and Texas territorial waters as well as on land in Louisiana and Texas*.

*Id at ¶¶ 5, 6.*

The Court disagrees that Nelson's Declaration is competent evidence for finding jurisdiction under OCSLA. First, the Declaration is not based on Nelson's actual

knowledge about Bordelon as he states that he does not know whether or not Bordelon ever worked for Expro. Second, the Declaration is purely equivocal as to whether or not Bordelon would have worked on the Outer Continental Shelf. Accordingly to Nelson, Bordelon may have worked on the Shelf or he may have worked in Louisiana or Texas on land or in state territorial waters. The Court must disregard Nelson's Declaration.

More importantly, the Court finds that neither Plaintiff's original Petition nor any of her amended petitions request relief under any federal law, nor do they make any reference to the Outer Continental Shelf. Rather, all of Plaintiff's claims are premised upon state law causes of action.

### *III. Conclusion and Recommendation*

Based on the foregoing, it is the recommendation of the undersigned that Plaintiff, Mary Bordelon's, Motion To Amend Complaint [Rec. Doc. 12] and Motion To Remand [Rec. Doc. 13] be **GRANTED** and that this action be remanded to the Fifteenth Judicial District Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

14

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 6th day of November, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**